UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lester Noah Shaw,<br><br>     Movant,<br><br>—v—<br><br>Gianfranco Arena et al.,<br><br>     Defendants. | 17-mc-0448 (AJN)<br><br>MEMORANDUM<br>OPINION & ORDER |

ALISON J. NATHAN, District Judge:

This case concerns a motion to quash subpoenas issued in connection with a case pending in the United States Court for the District of New Jersey. The Movant, Lester Noah Shaw, argues that subpoenas requiring his appearance to be deposed as a third-party witness are unduly burdensome because they impede his right to receive discovery before being deposed in a separate state-court action brought by the same plaintiff, Gianfranco Arena. For the reasons explained below, the motion to quash is denied.

I. **Background**

On July 5, 2016, Gianfranco Arena commenced a breach of contract action against RiverSource Life Insurance Company based on RiverSource's invocation of a suicide exclusion to avoid paying a death benefit on the life insurance policy of his late wife, Christine Arena. Movant's Memo. in Support of Motion ("Support"), Dkt. No. 3, at 1-2. RiverSource subsequently removed the case to the United States District Court for the District of New Jersey. Support at 2. In that case ("the federal case"), Arena alleges that Dr. Lester Noah Shaw treated Mrs. Arena from April 2, 2015 to April 15, 2015. Federal Case Complaint, Dkt. No. 2-1, ¶¶ 12-21. Mrs. Arena hanged herself on April 21, 2015 and died on April 30, 2015 after her life support was terminated. Federal Case Complaint ¶¶ 21, 24. Arena argues that his wife's death

1

was not the result of suicide, but rather "a medically induced irresistible impulse for Christine to harm herself," Federal Case Complaint ¶ 27, and that RiverSource is therefore required to pay on the policy rather than rely on the policy's suicide exception.

On April 24, 2017, Arena commenced a medical malpractice action against Shaw ("the state case"). State Case Complaint, Dkt. No. 2-9. Arena alleges that Shaw negligently treated Mrs. Arena, causing her to sustain emotional distress and thereby causing her death. State Case Complaint ¶¶ 9-10. Arena and Shaw have begun engaging in discovery, *see, e.g.*, Dkt. Nos. 2-20 to -21, but Shaw argues that such discovery is incomplete, Support at 4.

Both Arena and RiverSource served subpoenas commanding Shaw to appear to be deposed in relation to the state case in late 2017. Arena Subpoena, Dkt. No. 2-13; *see* Letter Responding to RiverSource Subpoena, Dkt. No. 2-16. Shaw now moves to quash those subpoenas.

## II.  Legal Standard

Federal Rule of Civil Procedure 45 provides that a district court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. Proc. 45(c)(3)(A)(iv). On a motion to quash, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03-cv-1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). "A subpoena that 'pursues material with little apparent or likely relevance to the subject matter' . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99-cv-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted).

Once relevance has been established, "the movant bears the burden of demonstrating an undue burden." *Griffith v. United States*, No. M8-85 (JFK), 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007). "Determinations of issues of 'undue burden' are committed to the discretion of the trial court." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003). "Whether a subpoena subjects a witness to undue burden within the meaning of [Rule 45(d)(3)(A)(iv)] 'depends upon

such factors as relevance . . . and the burden imposed.'" *In re Application of Operacion y Supervision de Hoteles, S.A.*, No. 14-mc-0082 (PGG), 2015 WL 82007, at *4 (S.D.N.Y. Jan. 6, 2015) (alterations in original) (citations omitted). Determining whether a subpoena imposes an undue burden "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it," which "calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299-300 (S.D.N.Y. 2009) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008)). To demonstrate an undue burden, a movant must "set[] forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Kirschner*, 2005 WL 1214330, at *2.

## III.    The Motion to Quash Is Denied

The Court concludes that the deposition subpoenas issued by Arena and RiverSource are not unduly burdensome on Shaw. In particular, the Court finds that Shaw's testimony is both relevant and significant to the federal case, and that Shaw has not demonstrated a sufficient burden if he is deposed.

First, it is clear that Shaw's testimony will be relevant in the federal case. Courts in this circuit have held that "treating physicians may testify as fact, rather than expert, witnesses" and may testify "as to facts acquired *and* opinions formed during [their] personal consultation" with a patient. *Ali v. Connick*, No. 11-cv-5297 (NGG) (VMS), 2016 WL 3002403, at *7 (E.D.N.Y. May 23, 2016) (alteration in original) (quoting *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, No. 11-cv-0445 (PKC), 2013 WL 4046263, at *6 (E.D.N.Y. Aug. 8, 2013)); *see also Palmieri v. Celebrity Cruise Lines, Inc.*, 98-cv-2037 (LAP) (HBP), 2000 WL 310341, at *5 (S.D.N.Y. Mar. 27, 2000). Doctors are also allowed to testify to their "opinions with respect to the injuries or illnesses sustained as they causally relate to [the] incident" that forms the basis of a court action as fact witnesses. *Palmieri*, 2000 WL 310341, at *5 (quoting *Salas v. United States*, 165 F.R.D. 31, 32 (W.D.N.Y. 1995)).

3

In the federal case, it is anticipated that the primary issue will be whether Mrs. Arena committed suicide or acted out of a physical compulsion to harm herself. As a result, Shaw's testimony about his observations of and opinions about Mrs. Arena before she started medication and throughout the period of her medication leading up to her death will be probative of whether she had an intention to harm herself or was physically compelled to do so. Because Shaw was the only psychiatric doctor treating her, it is likely that he will be able to testify to her state of mind more completely than any other available witness.

Second, Shaw has not demonstrated that he will face an unreasonable burden if he is deposed in the state case. He argues that in the state case, he is entitled to "responses to his discovery demands" before he is deposed and, as a result, if he is forced to attend a deposition in the federal case before receiving his state discovery, "he will have forfeited all of the rather substantial protections that the New York Civil Practice Laws and Rules afford to defendants." Support at 9. However, Shaw does not explain specifically how he will be prejudiced or why his testimony about his observations of Mrs. Arena's state of mind would change based on outstanding discovery. His generalized assertion is insufficient to demonstrate that Shaw will face an undue burden if forced to comply with the subpoenas. Moreover, the state-law protections that apply to the state case have no bearing on the federal case and therefore do not provide a reason to quash the subpoenas at issue. *See Trella v. Wal-Mart Stores, Inc.*, No. 3:15-cv-1211 (AWT), 2017 WL 5160686, at *3 (D. Conn. Nov. 7, 2017) ("Dr. Eige cites no authority to support the proposition that discovery in federal court should be postponed because of a separate, later-filed state court action.").

Because Shaw's testimony is highly relevant to the state case and because he has not demonstrated any specific burden that he will face if deposed, he has not met his burden. His motion to quash the subpoenas issued by Arena and RiverSource is denied.

## IV. Conclusion

The motion to quash is denied. This resolves Docket Number 1.

4

SO ORDERED.

Dated: January 3, 2018
       New York, New York

_____
ALISON J. NATHAN
United States District Judge